James METTS, Employee/Respondent,

v.

FANTASY BUS LIMOUSINE SERVICE, Employer/Appellant,

and

Missouri State Treasurer, Custodian of the Second Injury Fund, Additional Party/Appellant.

No. ED 85222.

Missouri Court of Appeals, Eastern District, Division Four.

May 24, 2005.

Laura C. Wagener, Assistant Attorney General, St. Louis, MO, for Treasurer of MO.

Eugene Edward Coon, Jr., Tremayne, Lay, Bauer, Coleman & Grady, St. Louis, MO, for Fantasy Bus Limousine Service.

James Nelson Guirl, II, Law Office of Jim Guirl, St. Louis, MO, for Respondent.

Before LAWRENCE E. MOONEY, P.J. and LAWRENCE G. CRAHAN, J. and MARY K. HOFF, J.

## ORDER

PER CURIAM.

The Treasurer of the State of Missouri, as Custodian of the Second Injury Fund (Fund) appeals from the "Temporary Award Modifying the Award and Decision of the Administrative Law Judge" (award) issued by the Labor and Industrial Relations Commission (Commission) finding Fantasy Bus Limousine Service (Employer) and Fund liable for additional medical bills stemming from James Metts's back

surgeries but remanding to the Division of Workers' Compensation to take additional evidence concerning the medical bills. Employer cross-appeals from the award.[1]

We have reviewed the briefs of the parties and the record on appeal. The Commission's award is supported by substantial and competent evidence on the whole record. No error of law appears. A written opinion reciting the detailed facts and restating the principles of law would have no precedential value. We affirm in accordance with Rule 84.16(b).

The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the Commission's order pursuant to Rule 84.16(b).

---

**1.** Section 287.495 RSMo 1993 does not provide for cross-appeals. On this Court's own motion, the two appeals here were consolidated. On November 1, 2004, this Court directed the parties to address the appealability of the award and whether Employer's appeal was timely. Commission issued its award on September 2, 2004. Commission did not receive Employer's Notice of Appeal until October 12, 2004, more than thirty days from the time the award was issued. Thus, Employer's notice was untimely. Employer's brief is hereby stricken and its points on appeal are dismissed.